UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KARL DAVIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2640** |
| **N. BURL CAIN, WARDEN** | **SECTION: "N"(3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED AS MOOT**.

Petitioner, Karl Davis, is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. On November 19, 1974, he pleaded guilty to second degree murder under Louisiana law and was sentenced to a term of life imprisonment without benefit of parole, probation, or suspension of sentence for a period of twenty years.[1] He did not appeal.

In 1980, petitioner filed an application for post-conviction relief in the state district court.[2] That application was denied on September 15, 1980.[3]

---

[1] State Rec.., Vol. 3 of 6, transcript of November 19, 1974; State Rec., Vol. 1 of 6, minute entry dated November 19, 1974; State Rec., Vol. 1 of 6, guilty plea form.
[2] State Rec., Vol. 3 of 6.
[3] State Rec., Vol. 3 of 6, Reasons for Judgment dated September 15, 1980.

On or about December 1, 1994, petitioner filed another application for post-conviction relief with the state district court.[4] On April 28, 1995, that application was likewise denied,[5] and his related writ application was then denied by the Louisiana Supreme Court on February 7, 1997.[6]

In May of 1997, petitioner filed a federal application in this Court seeking habeas corpus relief. That application was dismissed without prejudice because he failed to exhaust his remedies in the state courts.[7]

Petitioner then returned to the state district court to file motions requesting that he be placed on probation in 2003[8] and 2006.[9] On August 6, 2007, the state district court granted relief, vacated petitioner's sentence, and placed him on five years active probation.[10] However, on September 19, 2008, the Louisiana Supreme Court granted the state's related writ application, vacated the district court's judgment, and reinstated petitioner's original life sentence.[11]

On March 4, 2009, petitioner filed another post-conviction application with the state district court.[12] That application was denied as untimely on May 22, 2009.[13]

Petitioner then also filed in the state district court a "Motion to Vacate and Set Aside Guilty Plea" on June 30, 2011,[14] and a "Motion to Correct Illegal Sentence" on November 13, 2012.[15]

---

[4] State Rec., Vol. 3 of 6.
[5] State Rec., Vol. 3 of 6, Judgment dated April 28, 1995.
[6] State ex rel. Davis v. State, 688 So.2d 493 (La. 1997); State Rec., Vol. 5 of 6.
[7] Davis v. Cain, Civ. Action No. 97-1360 (E.D. La.).
[8] See State Rec., Vol. 1 of 6, minute entry dated July 9, 2003.
[9] State Rec., Vol. 5 of 6.
[10] State Rec., Vol. 5 of 6, transcript of August 6, 2007; State Rec., Vol. 2 of 6, Order dated October 30, 2007.
[11] State v. Davis, 992 So.2d 968 (La. 2008); State Rec., Vol. 5 of 6.
[12] State Rec., Vol. 2 of 6. Petitioner alleges that the application was filed on March 4, 2009, see Rec. Doc. 1, p. 14; for the purposes of this decision, the undersigned will accept that allegation as true.
[13] State Rec., Vol. 1 of 6, minute entry dated May 22, 2009.
[14] State Rec., Vol. 2 of 6.
[15] State Rec., Vol. 2 of 6.

The state district court denied those motions on December 19, 2012,[16] and the Louisiana Supreme Court then likewise denied relief on July 31, 2014.[17]

On November 13, 2014, petitioner filed the instant federal application, in which he asserted the following three claims:

1. The state failed to honor the terms of petitioner's plea bargain, thereby rendering his guilty plea invalid;

2. He was denied due process when his original sentence was reinstated in 2008; and

3. His original sentence was unconstitutional under Miller v. Alabama, 132 S. Ct. 2455 (2012).[18]

However, on December 19, 2016, at the state's request,[19] the state district court resentenced petitioner to a term of life imprisonment *with* eligibility for parole pursuant to Miller and Montgomery v. Louisiana, 136 S. Ct. 718 (2016),[20] and the judge expressly urged the Parole Board to grant petitioner parole.[21] For the following reasons, his three claims in this federal proceeding are now moot in light of that resentencing in state court.

---

[16] State Rec., Vol. 6 of 6, transcript of December 19, 2012; see also State Rec., Vol. 2 of 6, Order dated January 23, 2013.

[17] State *ex rel.* Davis v. State, 146 So.3d 200 (La. 2014); State Rec., Vol. 6 of 6.

[18] In Miller, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" Miller, 132 S. Ct. at 2460. While Miller does not forbid a juvenile offender from being sentenced to a term of life imprisonment without parole, it does forbid the mandatory imposition of that punishment without a prior individualized sentencing determination. See Montgomery v. Louisiana, 136 S. Ct. 718, 726 (2016) ("Miller required that sentencing courts consider a child's diminished culpability and heightened capacity for change before condemning him or her to die in prison. Although Miller did not foreclose a sentencer's ability to impose life without parole on a juvenile, the Court explained that a lifetime in prison is a disproportionate sentence for all but the rarest of children, those whose crimes reflect irreparable corruption." (citation and quotation marks omitted)).

[19] Rec. Doc. 27-1, State's Motion to Correct Sentence.

[20] In Montgomery, the United States Supreme Court held that Miller is retroactive to cases on collateral review, abrogating the Louisiana Supreme Court's jurisprudence to the contrary.

[21] Rec. Doc. 37.

His first claim is moot because it was premised on an argument that petitioner was being denied the possibility to apply for parole, despite his understanding that he would be eligible to apply for parole after a period of twenty years. That alleged problem no longer exists in light of his new sentence which now expressly allows him to apply for parole.

With respect to the second claim, any purported problem which arose from the Louisiana Supreme Court's action in reinstating the original sentence in 2008 is likewise resolved. That reinstated sentence has now been vacated and a new sentence has been imposed.[22]

The third claim is also obviously resolved. Because petitioner's original sentence has been vacated, and because his new sentence now expressly provides for the possibility of parole, the Miller problem no longer exists.

Because petitioner's recent resentencing resolves petitioner's claims, there is no further role for this Court at this time. See Lewis v. Cain, Civ. Action No. 15-1377 (E.D. La. Oct. 5, 2016) (van Meerveld, M.J.) (adopted by Lemelle, J., on Oct. 26, 2015); see also Stewart v. Cain, Civ. Action No. 15-59, 2016 WL 2976653, at *2 (E.D. La. Mar. 17, 2016) (Knowles, M.J.), adopted, 2016 WL 2942365 (E.D. La. May 20, 2016) (Duval, J.).

That said, the undersigned takes care to note that petitioner is now in custody pursuant to a *new* state criminal judgment for federal habeas corpus purposes. Therefore, **if he believes that his *new* sentence is unconstitutional for some reason, the dismissal of this instant petition would obviously be without prejudice to his ability to seek federal relief with respect to that**

---

[22] **Out of an abundance of caution, the undersigned notes that *even if* petitioner's first two claims were not moot, they still could not serve as a basis for federal relief in any event. The AEDPA includes a one-year statute of limitations period for seeking federal habeas corpus relief. 28 U.S.C. § 2244(d)(1). Petitioner's limitations period for asserting the first two claims in federal court expired many years prior to the filing of the instant federal application in 2014.**

4

*new* sentence.  Accordingly, he may in the future bring a new federal application challenging that *new* sentence, so long as he does so in a timely manner *after* fully exhausting his remedies in the state courts.  Lewis, Civ. Action No. 15-1377; see also Stewart, 2016 WL 2976653, at *2.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petitioner's application for habeas corpus relief be **DISMISSED AS MOOT**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[23]

New Orleans, Louisiana, this twenty-fifth day of January, 2017.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[23] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.